UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANYAIL JACKSON ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:11CV01687 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Danyail Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Movant's Mot., ECF No. 1.  The United States has filed a Response.  Resp't. Resp., ECF No. 4.

**I.    BACKGROUND**[1]

On August 13, 2009, Danyail Jackson ("Movant") was indicted on one count of conspiracy with co-defendant Gregory Stroud for possession of cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Because the quantity of cocaine involved was in excess of five kilograms, this offense was punishable under 21 U.S.C. § 841(b)(1)(A)(ii).

Movant was initially represented by Vanessa Antoniou ("Attorney Antoniou").  On September 9, 2009, Attorney Antoniou entered her appearance on behalf of Movant.[2]  Movant initially pled not guilty on September 11, 2009,[3] but Movant changed his plea to guilty on

---

[1] The criminal case underlying Movant's present § 2255 Motion can be found at *United States v. Williams*, 4:09CR00519 ERW (E.D. Mo. 2010).

[2] *See Williams*, 4:09CR00519 ERW, Entry of Attorney Appearance, ECF No. 16.

[3] *See Williams*, 4:09CR00519 ERW, Minute Entry: Arraignment, ECF No. 22.

February 18, 2010.[4]  Attorney Antoniou represented Movant at both proceedings.[5]  By pleading guilty, the Movant waived his right to appeal all non-jurisdictional issues except prosecutorial misconduct and ineffective assistance of counsel.[6]  Following the entry of Movant's plea, the United States Probation Office issued a Presentence Investigation Report ("PIR") that recommended certain sentencing reductions, which both Movant and the United States had accepted by April 27, 2010.[7]

On July 26, 2010, before Movant was sentenced by the Court, Movant filed a Pro Se Motion for Appointment of New Counsel,[8] and Attorney Antoniou moved to withdraw as Movant's counsel the following day.[9]  The Court addressed these motions at a hearing held on August 2, 2010.  In that hearing, the Court granted each motion and appointed a Federal Public Defender to represent Movant.  At that same hearing, Movant made an oral motion to withdraw his guilty plea, which the Court denied.  On August 23, 2010, Jeffrey Witt ("Attorney Witt")

---

[4]*See Williams*, 4:09CR00519 ERW, Minute Entry: Change of Plea Hearing, ECF No. 46.

[5]*See Williams*, 4:09CR00519 ERW, Minute Entry: Arraignment, ECF No. 22; Minute Entry: Change of Plea Hearing, ECF No. 46.

[6] *See Williams*, 4:09CR00519 ERW, Plea Agreement (Filed Under Seal), ECF No. 47.

[7] *See Williams*, 4:09CR00519 ERW, United States Acceptance of PIR, ECF No. 53; Defendant's Acceptance of PIR, ECF No. 54.

[8] *See Williams*, 4:09CR00519 ERW, Pro Se Motion for Appointment of New Counsel, ECF No. 79.

[9] *See Williams*, 4:09CR00519 ERW, Motion to Withdraw as Attorney, ECF No. 81.

entered his appearance on behalf of Movant,[10] and filed Movant's First Motion to Withdraw Plea of Guilty.[11] In a hearing held on September 8, 2010, the Court denied this motion.

On September 13, 2010, the United States filed an objection to the initial PIR, arguing it was no longer appropriate for Movant to benefit from certain sentencing reductions.[12] Movant responded by encouraging the Court to apply the reductions set forth in the PIR based on Movant's prior cooperation with the government. Based on these Motions, the U.S. Probation office filed an amended PIR on September 15, 2010.[13] The Court held a sentencing hearing on September 15, 2010, and found that the proper sentencing guideline range was between 78 and 97 months.[14] Movant was sentenced to 95 months in prison, to be followed by three years of supervised release.[15]

On September 14, 2011, Attorney Witt sent Movant an e-mail with a document attached instructing him to "review and call me." Movant's Mot. Ex. 1, ECF No. 1-1. The attached document was an unsigned notice of appeal Attorney Witt had drafted for Movant. *Id.* There is no evidence that Movant responded in any way to this e-mail or otherwise directed his counsel to

---

[10] *See Williams*, 4:09CR00519 ERW, Entry of Attorney Appearance, ECF No. 84.

[11] *See Williams*, 4:09CR00519 ERW, First Motion to Withdraw Guilty Plea, ECF No. 85.

[12] *See Williams*, 4:09CR00519 ERW, Objection to Presentence Investigation Report, ECF No. 91; Movant's Response to Objection, ECF No. 93.

[13] *See Williams*, 4:09CR00519 ERW, Amended Final Presentence Investigation Report (Filed Under Seal), ECF No. 96.

[14]*See Williams*, 4:09CR00519 ERW, Sentencing Transcript at 21, ECF No. 111.

[15]*Id.* at 30.

file an appeal. On November 3, 2010, Movant, acting pro se, filed an appeal.[16] On December 21, 2010, the United States Court of Appeals for the Eighth Circuit entered a final judgment dismissing Movant's appeal as untimely.[17]

Movant has now filed the instant § 2255 Motion alleging ineffective assistance of counsel claims against Attorney Antoniou and Attorney Witt. This Court has carefully examined Movant's pro se pleadings and liberally construed them to ensure Movant's claims are thoroughly addressed. *Smith v. Hundley*, 190 F.3d 852, 855 n.7 (8th Cir. 1999) (courts must give pro se filings a liberal construction) (citations omitted). Movant's Motion alleges that Attorney Antoniou provided ineffective assistance of counsel by: (1) failing to present an entrapment defense; and (2) advising Movant to plead guilty. Movant alleges that Attorney Witt provided ineffective assistance of counsel by: (1) failing to argue that it is legally impossible for Movant to conspire with an informant; (2) failing to present an entrapment defense; and (3) failing to file a timely direct appeal.

## II.   LEGAL STANDARD: RELIEF UNDER 28 U.S.C. § 2255

Title 28 U.S.C. § 2255(a) allows a federal prisoner to move the court which imposed the sentence to vacate, set aside, or correct a sentence on grounds "that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" To obtain relief under § 2255,

---

[16] *See Williams*, 4:09CR00519 ERW, Notice of Appeal, ECF No. 102.

[17] *See Williams*, 4:09CR00519 ERW, Judgment, ECF No. 108.

the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003).

Procedural default may limit the relief available to a § 2255 movant. First, a movant cannot raise an issue that was previously raised and decided on direct appeal. *United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005). Second, a movant "cannot raise a non-constitutional or non-jurisdictional issue that could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Third, a movant cannot raise a constitutional or jurisdictional issue that was not raised on direct appeal unless he "can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). However, a movant may present a claim of ineffective assistance of counsel for the first time in a § 2255 motion, regardless of whether the claim could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

A court hearing a § 2255 claim must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir, 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "when the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (citations omitted). In contrast, a court may dismiss a claim "without evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## III. DISCUSSION

Movant's § 2255 Motion contains various ineffective assistance of counsel allegations. Establishing a violation of the Sixth Amendment right to effective assistance of counsel is a "heavy burden." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000). To prove ineffective assistance of counsel, a movant must show (1) counsel's performance was so deficient and riddled with errors that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and (2) "counsel's deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The first prong requires a movant to demonstrate that counsel's performance falls "below an objective standard of reasonableness." *Id.* at 687–88. The second prong requires a movant to demonstrate that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The movant must satisfy both prongs of the *Strickland* test to prevail. *Id.* at 697; *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000) ("If we can answer 'no' to either question, then we need not address the other part of the test."). The Court need not address the competency of counsel's performance if the prejudice issue is dispositive. *Strickland*, 466 U.S. at 697.

### A. Allegations Against Attorney Antoniou

Movant's Motion alleges that Attorney Antoniou provided ineffective assistance of counsel by: (1) failing to present an entrapment defense; and (2) advising Movant to plead guilty. Because these allegations of ineffective assistance of counsel occur in the context of a guilty plea, to prevail Movant must show (1) his counsel's performance fell below the *Strickland* standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, [Movant] would not have pled guilty and would have proceeded to trial. *United States v. Davis*, 508 F.3d

461, 463 (8th Cir. 2007) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57–59 (1985)).  The movant bears the burden of proving both constitutional deficiency and prejudice.  *Patterson v. United States*, 133 F.3d 645, 647 (8th Cir. 1998).

Movant's first allegation fails because Attorney Antoniou had no duty to raise an entrapment defense for Movant in a pre-trial motion.  Entrapment is an affirmative defense that has two elements: (1) government inducement of the crime; and (2) a lack of a predisposition on the part of the defendant to engage in the criminal conduct.  *United States v. Crump*, 934 F.2d 947, 956 (8th Cir. 1991) (affirmative defense); *United States v. Young*, 613 F.3d 735, 746 (8th Cir. 2010) (elements).  Because the entrapment defense requires factual determinations about government conduct and its likely effect upon a defendant, the question of entrapment is generally one for the jury, rather than for the court.  *United States v. Myers*, 575 F.3d 801, 805 (8th Cir. 2009); *see also United States v. Towne*, 705 F. Supp. 2d 125, 136 (D. Mass. 2010) (holding that entrapment is an issue of fact and is therefore an inappropriate subject for a motion to dismiss an indictment).  Because entrapment is a factual question for the jury, Attorney Antoniou was not ineffective for failing to raise it prior to trial.

Furthermore, Movant waived his right to present an entrapment defense by pleading guilty.  Because a guilty plea waives all defenses, a defendant who pleads guilty waives his right to present an entrapment defense.  *United States v. Searcy*, 233 F.3d 1096, 1099 n.1 (8th Cir. 2000); *United States v. Newson*, 46 F.3d 730, 732 (8th Cir. 1995) (determining that pleading guilty waives the entrapment defense); *Peoples v. United States*, 412 F.2d. 5, 7 (8th Cir. 1969) (determining that pleading guilty waives all defenses).  Based on Movant's § 2255 claims, it is clear Movant knew that entrapment would have been his defense had he not changed his plea.

Movant's Mot., ECF No. 1.  Regret over a failure to present a defense is not a fair and just reason to withdraw a guilty plea.  *Newson*, 46 F.3d at 733.  Because the issue of entrapment could not be decided before trial or after entering a guilty plea, Attorney Antoniou's failure to raise the defense was neither unreasonable nor prejudicial.

For his second allegation, Movant alleges Attorney Antoniou was ineffective for advising him to plead guilty.  A guilty plea is valid if it is a "voluntary and intelligent choice" for a criminal defendant given the alternatives available to him.  *North Carolina v. Alford,* 400 U.S. 25, 31 (1970).  When a defendant chooses to plead guilty after receiving advice from his counsel, the voluntariness and intelligence of the plea depend "on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"  *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).  To show that his attorney acted deficiently in advising him to plead guilty, a movant must present evidence that his attorney improperly induced him into pleading guilty despite having a viable defense.  *Brewer v. State of Iowa*, 19 F.3d 1248, 1251 (8th Cir. 1994).

At a hearing held on Movant's motion to withdraw his guilty plea, Attorney Antoniou testified about the advice she gave to Movant.  She testified that she had practiced as a criminal trial attorney for eighteen years.  Attorney Antoniou also testified that she had conducted a thorough review of the discovery with Movant, including surveillance footage captured of Movant.  She then testified that she concluded this footage barred entrapment from being a viable defense, and that Movant had no other viable defenses.

Judicial review of counsel's performance is highly deferential, and court's harbor a strong presumption that counsel's conduct falls within the wide range of reasonable professional

8

assistance.  *Cagle v. Norris*, 474 F.3d 1090, 1097 (8th Cir. 2007).  Because Movant's § 2255 presents no evidence that Attorney Antoniou acted improperly in advising Movant to plead guilty, this Court finds that Attorney Antoniou's actions were neither deficient nor prejudicial.  Therefore, Movant is not entitled to relief on either of his claims against Attorney Antoniou.

### B. Allegations Against Attorney Witt

Next, Movant's Motion alleges that Attorney Witt provided ineffective assistance of counsel by: (1) failing to argue that it is legally impossible for Movant to conspire with an informant;[18] (2) failing to present an entrapment defense; and (3) failing to file a timely direct appeal.  The first two claims against Attorney Witt can be dismissed with little discussion, as Attorney Witt did not begin serving as Movant's counsel until August 23, 2010, some six months after Movant had pleaded guilty.  As stated above, a defendant who pleads guilty waives the right to raise defenses.  *Newson*, 46 F.3d at 732.  Additionally, according to the Missouri Rules of Professional Conduct, the duties flowing from the attorney-client relationship attach only after the attorney has agreed to perform legal services for the client, or, in rare cases, after the client has consulted with an attorney about establishing an attorney-client relationship.  Mo. Sup. Ct. R. 4, scope ¶ 4.  Therefore, Movant's first two allegations against Attorney Witt fail.

---

[18] "To convict a defendant on a conspiracy charge, the Government must prove that (1) an agreement existed among two or more people to accomplish an illegal purpose, (2) the defendant knew of the conspiracy, and (3) the defendant knowingly joined and participated in the conspiracy." *United States v. Rodriquez-Ramos*, 663 F.3d 356, 361 (8th Cir. 2011) (internal citations omitted).  Movant is correct, in that there can be no conspiracy involving only the defendant and government agents and informers.  *United States v. Nelson*, 165 F.3d 1180, 1184 (8th Cir. 1999).  Instead, the jury is required to find that at least two people other than a government informant agreed together to possess with intent to distribute.  *United States v. Sazenski*, 833 F.2d 741, 745 (8th Cir. 1987).  Here, Movant was indicted for conspiring with Gregory Stroud, a co-defendant in the criminal case, 4:09CR00519 ERW, ECF No. 1.

Movant's remaining allegation against Attorney Witt is that "he failed to perfect the direct appeal by filing it 35 days after the 14 day deadline." Movant's Mot., ECF No. 1. This allegation implicates his counsel's obligation to file a notice of appeal on his behalf. The United States Supreme Court addressed this obligation in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Under *Flores-Ortega*, courts conduct a two-step analysis to determine whether an attorney's failure to file a notice of appeal was ineffective. *Id.* at 477–78.

Under the first step of *Flores-Ortega*, a court must determine whether a criminal defendant instructed his attorney to appeal. *Id.* at 477. When a defendant instructs his counsel to appeal, it is professionally unreasonable for the counsel to disregard that instruction. *Id.* at 477. Prejudice to the defendant is presumed under such circumstances, because the defendant forfeited his appellate rights as a result of counsel's error. *Id.* at 484. Such a defendant has been "denied effective assistance of counsel and is entitled to resentencing so that he can file a timely appeal." *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (internal citations omitted). Accordingly, when a § 2255 movant alleges that his counsel ignored his instruction to appeal, and the record cannot affirmatively refute the allegation, an evidentiary hearing must be held. *Id.* Here, Movant alleges only that Attorney Witt "failed to perfect the direct appeal by filing it 35 days after the 14 day deadline." Movant's Mot., ECF No. 1. As an exhibit, Movant has presented an e-mail regarding a Notice of Appeal sent to him by Attorney Witt. However, Movant does not assert, and the record does not show, that Movant responded to this e-mail with an instruction to appeal. Therefore, there is no basis for finding that Attorney Witt disregarded an express instruction to appeal.

10

The second step of *Flores-Ortega* applies when a defendant does not instruct his attorney to appeal.  When a defendant does not specifically request an appeal, "[t]he reasonableness of counsel's conduct is judged by whether counsel had a duty to consult the client about the possibility of an appeal."  *Watson*, 493 F.3d at 964, n.1.  In this situation, a court must determine whether counsel had a constitutional obligation to consult with the defendant about the appeal.  *Id.* at 478.  In *Flores-Ortega*, the Supreme Court held that counsel has a constitutionally imposed duty to consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal); or (2) that . . . defendant reasonably demonstrated to counsel that he was interested in appealing."  *Flores-Ortega*, 528 U.S. at 480.  In making its determination, a court may consider whether a conviction followed a trial or a guilty plea, whether a defendant received the sentence he bargained for as part of a plea deal, and whether a defendant expressly reserved or waived some or all of his appellate rights.  *Id.*

Here, Attorney Witt's e-mail to Movant satisfies his consultation requirement.  The e-mail attached to Movant's §2255 Motion shows that Attorney Witt not only consulted with Movant, but in fact drafted a notice of appeal on his behalf.  Movant's Mot. Ex. 1, ECF No. 1-1.  Even if this e-mail was insufficient to constitute a consultation, Movant's conviction followed a guilty plea.  As a part of that plea, Movant waived his right to appeal all issues except jurisdictional issues, prosecutorial misconduct, and ineffective assistance of counsel.[19]  Additionally, Movant bargained for a sentence, from which the Court departed only after Movant failed to fully accept responsibility.[20]  Under all of the facts and circumstances in this case there is no showing by

---

[19] *See Williams*, 4:09CR00519 ERW, Plea Agreement (Filed Under Seal), ECF No. 47.

[20] *See Williams*, 4:09CR00519 ERW, Transcript: Sentencing, ECF No. 111.

Movant that Attorney Witt was under any duty to consult with him about filing a notice of appeal. Accordingly, Movant is not entitled to relief on his allegations against Attorney Witt.

IV.     **RIGHT TO EVIDENTIARY HEARING**

Under 28 U.S.C. § 2255(b), the Court must hold an evidentiary hearing to consider the claims presented in a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) ("No hearing is necessary, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.") (internal quotations and citations omitted). The Court concludes that Movant's claims can be determined conclusively based upon his Motion, and the files and records of the case. Therefore, no evidentiary hearing will be held.

V.     **CERTIFICATE OF APPEALABILITY**

To be entitled to a Certificate of Appealability, a § 2255 movant must make "a substantial showing of the denial of a federal constitutional right." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citation omitted). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Id.* (citation omitted). The Court finds that Movant has not met this standard, and thus the Court will deny Movant's request for Certificate of Appealability on each claim raised in his § 2255 Motion.

VI.     **CONCLUSION**

As set forth herein, Movant's claims are without merit, and he is not entitled to relief under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Danyail Jackson's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 9th day of April, 2012.

                                                      E. RICHARD WEBBER
                                                     SENIOR UNITED STATES DISTRICT JUDGE